UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MEG PAULSEN,<br><br>             Plaintiff,<br><br>    v.<br><br>PS BUSINESS PARKS, LP,<br><br>             Defendant. | CASE NO. C10-1031 MJP<br><br>ORDER DENYING THE PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT |

This comes before the court on the parties' cross-motions for summary judgment (Dkt. Nos. 18 and 19.) Having reviewed the motions, the responses (Dkt. Nos. 23 and 26), the replies (Dkt. Nos. 25 and 29), and all related filings, the Court DENIES Plaintiff's motion for summary judgment and DENIES Defendant's motion for summary judgment.

**Background**

Plaintiff Meg Paulsen ("Paulsen") was born with spina bifida and is wheelchair-bound. (Paulsen Decl., Dkt. No. 18, Ex. A.) Defendant PS Business Parks, LP is the owner of the Overlake Business Center ("OBC"), which consists of 27 buildings across a North and South campus. (Kidwell Decl., Dkt. No. 20, Ex. 1.)

1      Paulsen is suing Defendant for failure to comply with the Americans with Disabilities

2 Act ("ADA") accessibility requirements. In June 2010, Paulsen visited OBC but confronted

3 various barriers to access, including steep curb ramps, narrow parking spaces, insufficient

4 number of accessible parking spaces, and inaccessible routes in between buildings. (Paulsen

5 Decl., Dkt. No. 18, Ex. A.)

6      OBC was built between 1974 and 1978. (Kidwell Decl., Dkt. No. 20, Ex. 1.) Since its

7 original construction, only the interiors of OBC have required building permits. (Id. at 3.) Of

8 the 27 buildings, 20 of the buildings have at least one or more tenants whose businesses are open

9 to the public. The remaining 7 have no business open to the general public. (Petersen Decl., Dkt.

10 No. 24, ¶¶ 4, 7-9.) In her declaration, Paulsen does not identify which of the 27 buildings she

11 attempted to enter in June 2010. (Paulsen Decl., Dkt. No. 18, Ex. A ¶ 3.)

**Discussion**

13      Both Plaintiff and Defendant seek summary judgment regarding Plaintiff's ADA and

14 state law claim under the Washington Law Against Discrimination ("WLAD"). The Court finds

15 factual disputes exist, precluding either parties' request for summary judgment.

16   1. <u>Standard</u>

17      Summary judgment is proper if the pleadings, depositions, answers to interrogatories,

18 admissions on file, and affidavits show that there are no genuine issues of material fact for trial

19 and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a).

20 Material facts are those "that might affect the outcome of the suit under the governing law."

21 <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

22 The underlying facts are viewed in the light most favorable to the party opposing the motion.

23 <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986). The party moving

24

for summary judgment has the burden to show initially the absence of a genuine issue concerning any material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970). Once the moving party has met its initial burden, the burden shifts to the nonmoving party to establish the existence of an issue of fact regarding an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

2. Defendant's Motion for Summary Judgment

   a. ADA Claims

Defendant argues (1) OBC is not subject to the ADA and (2) removal of architectural barriers is not "readily achievable." Neither argument warrants summary judgment.

     i. Existing facilities subject to the ADA

Defendant argues (1) OBC is not subject to the ADA because it was constructed before the ADA's effective date in 1993 and no alterations have occurred after 1992.

Under the ADA, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). The ADA's accessibility requirements, however, differ depending on the dates that facilities were constructed or altered. New facilities, i.e., buildings built after January 26, 1993, must be "readily accessible to and usable by" disabled individuals. 42 U.S.C. § 12183(a)(3); 28 C.F.R. § 36.406(a). For facilities built before that time and altered in certain ways after January 26, 1992, the altered portion and—to a certain extent--the path of travel to the altered portion, must comply with separate regulatory standards. 28 C.F.R. §§ 36.402(b)(2); 36.406(a). For existing facilities, i.e., buildings built prior to January 26, 1993 and not altered since January 26, 1992, architectural

barriers must be removed when it is "readily achievable" to do so. 42 U.S.C. § 12182(b)(2)(A)(iv).

Here, OBC is subject to the ADA's regulations regarding existing facilities because it was built in the 1970s and has not been altered since 1992. While Defendant argues the OBC is exempt from the ADA altogether, Defendant's argument cites no legal authority and refers only to the declaration of its own expert, Charles Kidwell. (Dkt. No. 20, Kidwell Decl., ¶ 5.) Defendant's argument is particularly unavailing given that the ADA specifically imposes accessibility requirements for facilities existing as of the ADA's effective date. See 42 U.S.C. § 12181(b)(2)(A)(iv); 28 C.F.R. § 36.304. The fact that the ADA also imposes separate accessibility requirements on new construction and altered facilities does not exempt the OBC from complying with standards regarding existing facilities. Compare 28 C.F.R. § 36.401 (standards for new construction) and 28 C.F.R. § 36.402 (standards for alterations) with 28 C.F.R. § 36.304 (standards for existing facilities).

Since the ADA regulates existing facilities, the Court finds OBC subject to the ADA regardless of whether standards regarding new construction and altered facilities are applicable.

    ii. "Readily Achievable"

Alternatively, Defendant argues removal of architectural barriers is not "readily achievable." The Court finds factual disputes exist, precluding summary judgment.

Under the ADA, plaintiff bears the initial burden of showing (1) the existing facility presents a prohibited architectural barrier and (2) removal of the barrier is readily achievable. Colorado Cross Disability Coalition v. Hermanson Family Ltd. Partnership I, 264 F.3d 999, 1002 (10th Cir. 2001). If Plaintiff does so, Defendant then bears the ultimate burden of persuasion that barrier removal is not readily achievable. Id. at 1003; cf. Molski v. Foley Estates Vineyard and

Winery, LLC, 531 F.3d 1043 (9th Cir. 2008)(providing a different burden shifting standard for ADA suits involving historical buildings). As expected, the "readily achievable" standard is less stringent than the standard imposed upon owners of new construction, who must show "structural impracticability" in order to avoid violating the ADA. See 42 U.S.C. § 12183(a)(1); see also U.S. Department of Justice, Title III Technical Assistance Manual: Coverying Public Accomodations and Commercial Facilities, 31 (November 1993). The ADA defines "readily achievable" as "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. 12181(9). Factors to consider include the nature and cost of the action needed, the overall financial resources of the facility, the overall financial resources of the covered entity, and the type of operation of the covered entity. Id.

Defendant effectively makes three arguments as to why Paulsen's complaints are not readily achievable. The Court finds all three arguments fail. First, Defendant argues the nature and cost of the actions needed are not easily accomplishable. The Court is not convinced. Among Plaintiff's requests are that Defendant make curb cuts in sidewalks and entrances, create accessible parking spaces, and replace door hardware. Even if some of Plaintiff's complaints are not feasible, these complaints certainly are as they are listed under ADA regulations as examples of readily achievable actions. Cf. 28 C.F.R. § 36.304 (listing ramps, handrails and door hardware as readily achievable steps to remove barriers).

In addition, Defendant's own expert observed several non-compliant entry doors at OBC. (Kidwell Decl., Dkt. No. 20-1, at 4.) Plaintiff estimates non-compliant door handles in Building 3 could be replaced for as little as $125. (Mason Decl., Dkt. No. 18, Ex. C1-4 at 4, 16.) While Defendant argues Plaintiff's expert report does not breakdown the cost of materials and labor, Plaintiff need not itemize every bolt required to ensure a door is ADA-compliant. To the extent

1 Defendant relies on its expert's statement that barrier removal is not "easily accomplishable," a
2 conclusory statement regarding Plaintiff's complaints in general is not persuasive. Even though
3 each building has numerous entrances and completion of all of Plainitff's requests would require
4 several hundred lineal feet of sidewalk and installation of ramps and railings, Defendant is not
5 required to remove all architectural barriers—only those that are "readily achievable." Since
6 Plaintiff's cost estimates are sufficiently detailed and based on industry publications, the Court
7 finds the nature and cost of at least some of Plaintiff's requested actions are readily achievable.
8 Cf. RS Means/Reed Construction Data, Building Construction Cost Data, 69th Annual Edition
9 2011.

10 Second, Defendant argues its overall financial resources preclude it from removing the
11 barriers. The Court disagrees. Paulsen provides some evidence that Defendant has the financial
12 resources to remove some simple barriers. Based on Defendant's website, Defendant is a
13 partnership under PS Business Parks, Inc., a publicly-traded real estate company that operates
14 commercial spaces in eight different states. (Dkt. No. 18-8, Ex. E.) While financial data
15 downloaded from Defendant's website will likely not be enough at trial, the Court finds a factual
16 dispute exists, precluding summary judgment. Since it appears Defendant may have the
17 financial resources to remove the barriers, Plaintiff has shown a factual dispute exists as to
18 whether some of the barriers to removal are readily achievable.

19 Third, Defendant argues OBC's existence is uncertain given proposed land-use actions.
20 The Court finds this is Defendant's weakest argument. The only evidence Defendant provides as
21 to Redmond's possible land-use action is their own expert discussing potential plans by the
22 Washington Transportation Department. (Dkt. No. 20-3, Kidwell Decl., Ex. 1 at 22.) Defendant
23 submits nothing else suggesting OBC's conditional use permit expires in January 2012 or the
24

1 actual scope of the Transportation Department's plans. The Court will not base a decision on

2 land-use actions that may or may not occur—especially when Defendant fails to submit any

3 evidence of the land-use actions other than an expert paid to provide a report on their behalf.

4     In sum, Plaintiff meets her burden under <u>Colorado Cross</u> and has demonstrated a factual

5 dispute exists as to whether removing barriers is "readily achievable." Since at least some of

6 Paulsen's complaints are considered readily achievable under the ADA's regulations, the Court

7 DENIES Defendant's motion for summary judgment on Plaintiff's ADA claim.

      b. <u>WLAD claims</u>

9     Defendant argues RCW 49.60.215 does not impose liability when the structural barriers

10 to accessibility were lawful when constructed. The Court disagrees.

11     Under Washington's Law Against Discrimination ("WLAD"), it is unlawful to exclude a

12 disabled person from a place of public accommodation. RCW 49.60.215. While WLAD does

13 not require a facility undergo structural changes to ensure accessibility, WLAD's exemption

14 "does not relieve the operator of a place of public accommodation of the duty to make reasonable

15 accommodation[s]." WAC 162-26-100(2). To determine whether a possible accommodation is

16 "reasonable" or not depends on the cost of making the accommodation, the size of the place of

17 accommodation, the availability of staff to make the accommodation, the importance of the

18 service to the person with a disability, and other factors bearing on reasonableness in the

19 particular situation. WAC 162-26-080.

20     The Court finds the WLAD analysis mirrors the discussion regarding which barrier

21 removal actions are "readily achievable." <u>See</u> <u>MacSuga v. County of Spokane</u>, 97 Wash.App.

22 435, 443 (1999)(using federal ADA cases as guidance in interpreting the WLAD). Defendant

23 need not make structural changes to OBC but there is an on-going duty to make reasonable

24

accommodations. Since many of Plaintiffs complaints are straightforward, including changes to door hardware and other minor fixes, the Court finds Defendant's request for summary judgment fails. While Defendant argues WLAD cannot be retroactively applied, Defendant's argument is misplaced. Even if Defendant is not required to bring OBC up to current building codes, OBC has a present-day duty to make reasonable accommodations.

Since a factual dispute exists as to which possible accommodations under WLAD are reasonable, the Court DENIES Defendant's motion for summary judgment.

3. Plaintiff's Motion for Summary Judgment

    a. ADA claims

Plaintiff likewise seeks summary judgment. While Plaintiff establishes a prima facie case of discrimination under the ADA for OBC buildings considered places of public accommodation, the Court finds summary judgment is inappropriate for the same reasons stated above—a factual dispute exists as to which barrier removal actions Plaintiff complains of are "readily achievable."

In order to establish a prima facie case of discrimination under Title III of the ADA, a plaintiff must prove that (1) she has a disability, (2) the OBC is a place of public accommodation, and (3) plaintiff was denied full and equal treatment because of her disability. Parr V.L. & L Drive-inn Restaurant, et. al., 96 F. Supp. 2d 1065, 1085 (D.Hawaii 2000). As discussed above, when making a claim against an existing facility, a plaintiff must also show barrier removal is readily achievable. Colorado Cross Disability Coalition v. Hermanson Family Ltd. Partnership I, 264 F.3d 999, 1002 (10th Cir. 2001).

Defendant does not dispute Paulsen has spina bifida and was denied full access to OBC because of her disability. The parties, however, argue whether OBC's buildings are "places of

public accommodation." Defendant's argument has some merit. Paulsen fails to identify with any specificity which OBC buildings she attempted to access. Defendant observes 7 of the OBC buildings are not places of public accommodation and 19 of the OBC buildings are only mixed-use facilities. The ADA only applies to places of public accommodation. When a building is partially open and partially closed to the public, it is considered a mixed-use facility and "the portion [of the facility] that is closed to the public is not a place of public accommodation and . . . not subject to Title III of the ADA." Doran v. 7-Eleven, Inc., 524 F.3d 1034, 1048 (9th Cir. 2008).

While the parties agree only the portions of OBC buildings open to the public are subject to the ADA, Plaintiff's report identifies barriers at buildings not open to the public. (Def's Resp. Br., Dkt. No. 23 at 7; Pltf's Reply. Br., Dkt. No. 25 at 3.) For example, Plaintiff's expert identifies 11 barriers to access for Building 8, which consists of only commercial facilities. To find in Plaintiff's favor regarding the OBC in general would require changes to several buildings and/or portions of buildings that are not open to the public.

The Court DENIES summary judgment because (1) a genuine issue of material fact exists regarding which barrier removal actions are "readily achievable" and (2) Plaintiff fails to identify which buildings are subject to the ADA as places of public accommodation.

b. WLAD claims

As discussed above, the Court finds a genuine issue of material fact exists precluding summary judgment on Plaintiff's state law claims. WLAD requires existing facilities to make reasonable accommodations for disabled persons. Based on this record, it is unclear which barrier removal actions may be considered "reasonable accommodations" under state law.

The Court DENIES summary judgment on Plaintiff's state law claims.

1    4. <u>Defendant's Motion to Strike -- Surreply</u>

In a surreply, Defendant argues Steven Mason's June 28, 2011 letter, which Paulsen attached in her reply, is irrelevant and inadmissible. The Court agrees Mason's letter is inadmissible.

Mason's letter was written in response to Defendant's briefing regarding summary judgment. It consists of argument and not any fact Paulsen will be able to prove through admissible evidence at trial. Fed. R. Civ. P. 56(e) ("A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated"); <u>see also</u> <u>Norse v. City of Santa Cruz</u>, 629 F.3d 966, 973 (9th Cir. 2010).

Because arguments made in Mason's letter are not based on his observations and consist only of argument, the Court GRANTS Defendant's motion to strike the letter.

**Conclusion**

The Court DENIES the parties' cross-motions for summary judgment. A factual dispute exists as to which barrier removals requested by Plaintiff are "readily achievable" under the ADA or a "reasonable accommodation" under WLAD. The Court GRANTS Defendant's motion to strike Mr. Mason's rebuttal letter, which was attached in Plaintiff's reply.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 4th day of August, 2011.

Marsha J. Pechman
United States District Judge